## Bigelow *against* Lehr.

In an action of trespass *quare clausum fregit*, upon the pleas of not guilty and *liberum tenementum*, it is sufficient, to entitle the plaintiff to recover, to prove the trespass and that he is in possession. The defendants cannot give evidence that the plaintiff has no title beyond his possession; nor that the title to the *locus in quo* of the patentee is vested in them by a proceeding in the orphan's court after his death, if it had previously been shown that the latter had conveyed it away in his lifetime.

ERROR to *Westmoreland* county.

This was an action of trespass *quare clausum fregit*, by Samuel Lehr against Lebbeus Bigelow and others. Pleas, not guilty, and *liberum tenementum*. He proved the trespass, and that he was in possession of the *locus in quo*; and proceeded to deduce title from the patentee of a larger tract, of which it was a portion, to a person as whose property it was alleged to have been levied upon and sold as one hundred acres. The defendants offered to show that the *locus in quo* was not included in the levy. The evidence was objected to as immaterial, and the court rejected it and sealed a bill of exceptions. The defendants then offered in evidence the proceedings of the orphan's court vesting the title of the deceased patentee of the original tract in them. This was also objected to by the plaintiff, and rejected on the ground that it had already been proved that the patentee had conveyed the *locus in quo* in his lifetime; and the defendants took another exception.

*Alexander*, for plaintiff in error.
*Beaver*, for defendant in error.

PER CURIAM.—It is no small evil in our practice, that its looseness induces counsel to forget the pleadings, and make out their case by evidence according to their fancy and without regard to the issue. Hence useless disputation, waste of time and perplexity, producing exceptions to evidence eventually found, as in this case, to have no relation to the cause. The issue seems to have been tried under a common misconception of its nature. The action is trespass *quare clausum fregit*, the pleas *liberum tenementum* and not guilty. The plaintiff proved the trespass and gave evidence of possession, which,

IV.—2 x

[Bigelow v. Lehr.]

if believed, disposed of the plea of not guilty, by which it was put in issue; and being a title against all but the rightful owner, it was sufficient in the first instance also for the plea of *liberum tenementum.* Instead of resting there, however, he proceeded, as in ejectment, to make out title in himself, though nothing is more dissimilar than the position of the parties in ejectment and in trespass on this plea, the plaintiff in the one and the defendant in the other recovering or defending on his own title without respect to the title of the other. The point in dispute was not whether the plaintiff had title, but whether there was title in the defendant, for that was his allegation. Yet the plaintiff undertook to deduce the title to the *locus in quo* from the patentee of a larger tract, of which it is a portion, to a person as whose property it was alleged to have been levied and sold as one hundred acres. The first proof rejected was offered to show that the *locus in quo* was not included in the levy, a fact which was immaterial to the issue and which it was not error to exclude.

The next exception was to the rejection of certain proceedings of the orphan's court, vesting the title of the deceased patentee of the original tract in the defendants; which were properly excluded, because it had been conclusively shown that the *locus in quo* had been conveyed by the patentee in his lifetime. Finally, the common and *pro forma* exception to the charge that the cause was withdrawn from the jury, is not sustained.

Judgment affirmed.